that the act answered the requirements of the constitutional provisions found in Section 8 of Article X of the Constitution of 1921. In disposing of that issue the court said:

"Assuming that the constitutional provision means that license taxes must be classified, graduated, or progressive, any reasonable method of graduation will suffice. State v. Heymann, 178 La. 479, 151 So. 901. Section 3 of Act No. 6 of 1932 designates or classifies those who are amenable to the tax. The statute levies the tax only on those who in the conduct of their business or occupation at any time use electrical or mechanical power of more than ten horsepower. The statute also graduates the amount of the tax levied. The measure or quantum of the tax is determined by the total horsepower capacity of the machinery or apparatus used in the conduct of the business. The greater the horsepower capacity of the property used, the greater the tax. * * *"

It is interesting to note that the then Attorney General of this state, in order to maintain the constitutionality of Act No. 6 of 1932, argued, in 1935, that "The Legislature of Louisiana, in passing Act No. 6 of 1932, acted by and under authority of Section 8 of Article 10 of the Constitution of the State of Louisiana, which section authorizes the Legislature to levy license taxes." In addition, the act itself makes reference to this specific constitutional provision by excepting from the operation of the provisions of Section 3 of Act No. 6 of 1932, "horsepower capacity of all machinery and apparatus operated, that part

of such capacity used in a mechanical, agricultural or horticultural pursuit, *or any other occupation exempt from a license tax under Section 8 of Article X of the Constitution of Louisiana,* or in operating a sawmill. * * *" (Italics ours.)

We therefore conclude that the tax levied under the provisions of Act No. 6 of 1932 falls into the category of occupational license taxes within the meaning and contemplation of Section 8 of Article X of the Constitution of 1921, formerly Article 229 of the Constitution of 1898, and, consequently, that the tax in the instant case is subject to the prescription of three years provided for in Section 1 of Act No. 148 of 1906.

For the reasons assigned, the judgment of the lower court is affirmed.

7 So.2d 614

STATE of Louisiana v. MISSISSIPPI RIVER FUEL CORPORATION.

No. 36286.

March 30, 1942.

Eugene Stanley, Atty. Gen., Cicero C. Sessions, Sp. Asst. Atty. Gen., John B. Smullin, of Baton Rouge, and Travis Oliver, Jr., of Monroe, for plaintiff and appellant.

Shotwell & Brown, of Monroe, for defendant and appellee.

FOURNET, Justice.

This case presents the identical issues disposed of in the case of State of Louisiana v. Interstate Natural Gas Co., Inc., 200 La. 52, 7 So.2d 612, handed down this day, and for the reasons therein assigned, the judgment appealed from is affirmed.

**7 So.2d 615**

### STATE of Louisiana v. MEMPHIS NATURAL GAS CO.

#### No. 36288.

March 30, 1942.

Eugene Stanley, Atty. Gen., Cicero C. Sessions, Sp. Asst. Atty. Gen., John B. Smullin, of Baton Rouge, and Travis Oliver, Jr., of Monroe, for plaintiff and appellant.

Shotwell & Brown, of Monroe, for defendant and appellee.

FOURNET, Justice.

This case presents the identical issues disposed of in the case of State of Louisiana v. Interstate Natural Gas Co., Inc., 200 La. 52, 7 So.2d 612, handed down this day, and for the reasons therein assigned, the judgment appealed from is affirmed.

**7 So.2d 615**

### STATE v. TOMASELLA.

#### No. 36603.

March 30, 1942.

