**(127 So. 890)**

## STATE v. CITY SAV. BANK & TRUST CO.

### No. 29938.

March 31, 1930.

Robert J. O'Neal, of Shreveport, for Tax Collector.

Harry V. Booth and George T. McSween, both of Shreveport, and Alfred M. Guilbeau, of New Orleans, for the State.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for appellee.

Monroe & Lemann, Nicholas Callan, Spencer, Gidiere, Phelps & Dunbar, McCloskey & Benedict, and Milling, Godchaux, Saal & Milling, all of New Orleans, amici curiæ.

OVERTON, J.

This is a proceeding by rule to collect from defendant license taxes for the years 1926, 1927, and 1928 for conducting, during those years, the business of operating an office building in Shreveport.

The building, which it is alleged is operated as an office building, is one owned by defendant. The lower part of the building is used by it for its banking business proper, and the upper part, which its present needs do not require, is leased to various persons for offices. Defendant provides water and heat and also janitor and elevator service for its own use and that of its tenants. The building is one located in the heart of the business district of Shreveport and is necessary for defendant's banking operations.

■ It is not urged that the Legislature has expressly levied a license tax against the business of operating an office building. In fact, the Legislature has not done so. It is urged, however, that the business conducted by defendant, that is the office business, comes within the omnibus clause of Act 205 of 1924, and of Act 299 of 1926. This clause, as appears in section 25 of Act 205 of 1924, reads as follows: "That any other business not provided for in this Act, and not otherwise provided for by separate law, except manufac-

turing, shall be graded the same as above set forth, and shall pay a license as fixed in this Section." The clause reads the same in the amendatory Act of 1926, as appears from section 25 thereof, save that a proviso is added relative to manufacturers, which has no pertinency here.

In our view, the Legislature has not levied a license tax against one who leases his own property, or against a banking concern, which is the case here, that leases its surplus space for offices in the building owned by it. The Legislature, certainly, has not expressly done so, and although the omnibus clause, in the acts mentioned, is sweeping in its language, we nevertheless think that it was not intended to include such a license. That clause does not necessarily include every business that may be styled a business, if the leasing of one's own property may be so styled. Thus, it has been held that building and loan associations were not subject to license taxation under the omnibus clause, contained in section 14 of Act 171 of 1898, as amended by Act 62 of 1906, which is an omnibus clause quite similar to the present clause, although that business was not taxed by the other provisions of the license laws.

The reasoning by which that conclusion was reached was that the business of building and loan associations was so well known to the Legislature, and had been so often dealt with by that department, that it must be presumed that those associations would have been specially provided for in the license law if the Legislature had intended to impose a license upon them. Ballard, Tax Collector, v. Ponchatoula Homestead Association, 137 La. 677, 69 So. 91.

■ The reasoning of that case is applicable to the present case. The Legislature was thoroughly aware of the fact that banks and

others were constantly engaged in leasing for offices, the surplus space in buildings owned and occupied by them, and, in many instances, in supplying these offices with heat, water, and elevator service, while supplying themselves with the same. It is fair, therefore, to presume that had the Legislature entertained any intention of imposing licenses for the exercise of the right of leasing such surplus spaces, it would have followed the usual course of expressly imposing them, especially since the business, if it may be termed one, is quite extensively conducted. It might be argued, however, that as the omnibus clause in both the Acts of 1924 and 1926 contains an express exception in favor of manufacturers, the enumerating of manufacturers excludes the idea that any other business than the manufacturing business, not otherwise provided for, is not excluded from the operation of the clause, under the maxim expressio unius est exclusio alterius. However, "the maxim should be applied only as a means of discovering the legislative intent, and should never be permitted to defeat the plainly indicated purpose of the Legislature." 36 Cyc. p. 1122. The Legislature had no intention of imposing license taxes upon banks or others for leasing the surplus space for offices in buildings, owned and occupied by them, or for leasing the buildings themselves. Even had the Legislature desired to levy such a tax, it is doubtful if it could have constitutionally done so, for the right to lease one's own property may be regarded as an incident of ownership, and a license tax thereon as a property tax in the guise of an excise tax, the levy of which would affect the uniformity of taxation. See J. & A. Freiberg Co. v. Dawson et al. (D. C.) 274 F. 420; Id., 255 U. S. 288, 41 S. Ct. 272, 65 L. Ed. 638. Our conclusion, therefore, is that the omnibus clause in neither the Act of 1924 nor in that of 1926 is applicable to this case.

[3] There is still another reason, which indirectly strengthens the foregoing reason, why defendant cannot be required to pay the licenses demanded. The ownership of its banking building is an incident of its banking business, and therefore the income derived from leasing surplus space in the building, for offices, was income from its banking business. See Spreckels Sugar Refining Company v. McClain, 192 U. S. 397, 24 S. Ct. 376, 48 L. Ed. 496. In this instance, the income from the rents for the years 1926, 1927, and 1928, went to increase the undivided profits account of defendant's banking business, and in the year 1926, also, the declared surplus. The Legislature has imposed license taxes on the banking business. It has enacted as follows, to wit: "That for each business of carrying on a bank, banking company, trust company, association, corporation or agency, the license shall be based on the declared or nominal capital, surplus and undivided profits, and shall be fixed * * * as follows, to-wit. * * *" Section 3 of Act 205 of 1924. The Legislature having imposed license taxes on the banking business cannot subdivide the business and impose additional taxes upon some of the constituent parts of the business, and in our view it had no intention of doing so. Cooley on Taxation (4th Ed.) par. 233. See, also, Williams v. Garignes, 30 La. Ann. 1094.

The trial court rejected the demand of plaintiff.

The judgment is affirmed.

O'NIELL, C. J., takes no part.