7 So.2d 612

STATE v. INTERSTATE NATURAL GAS CO., Inc.

No. 36287.

March 30, 1942.

Eugene Stanley, Atty. Gen., Cicero C. Sessions, Sp. Asst. Atty. Gen., John B. Smullin, of Baton Rouge, and Travis Oliver, Jr., of Monroe, for plaintiff and appellant.

Shotwell & Brown, of Monroe, for defendant and appellee.

FOURNET, Justice.

The State of Louisiana instituted this suit on October 28, 1938, against the Interstate Natural Gas Company, Inc., to recover taxes in the amount of $13,300 for the fiscal year of 1932, ending July 21, 1933, together with 10% attorney fees, under the provisions of Act No. 6 of 1932, and is appealing from a judgment sustaining the defendant's prescriptive plea of three years under Act No. 148 of 1906 and Act No. 198 of 1914 and dismissing its suit.

The state contends that since statutes of prescription and limitation are stricti juris and can have no effect beyond the object of the act creating them, the so-called power tax created by Act No. 6 of 1932, being an excise tax and not a license tax within the meaning and contemplation of Article 229 of the Constitution of 1898 (now Section 8 of Article X of the Constitution of 1921), the prescriptive period provided for by Act No. 148 of 1906, the object of which was to carry into effect this constitutional article, has no application in the case at bar.

In the Constitution of 1921 it is expressly declared that "Prescription shall not run against the State in any civil matter, unless otherwise provided in this Constitution or expressly by law" (Section 16 of Article XIX), and a mere examination of the title of Act No. 148 of 1906 discloses that the act is only applicable to license taxes levied pursuant to the authority found in Article 229 of the Constitution of 1898 (now Section 8 of Article X of the Constitution of 1921). See, State v. Standard Oil Co. of Louisiana, 188 La. 978, 178 So. 601, and

State v. Stewart Bros. Cotton Co., Inc., 193 La. 16, 190 So. 317.

It therefore follows that the sole question for our determination is whether or not the taxes levied by Act No. 6 of 1932 fall into the category of the license taxes authorized by the constitutional article in question.

Section 1 of the act of 1932 imposes an excise, license, or privilege tax on those "engaged in the business of manufacturing or generating electricity for heat, light or power." Section 2 imposes the tax on those "engaged in the business of selling electricity" for the same purposes. Section 3 levies a tax on those engaged in any kind of business or occupation in the State of Louisiana who use, in the conduct of such business or occupation, electrical or mechanical power of more than ten horsepower that is not procured from a business classified under either Section 1 or Section 2 of the act. The tax levied under the first two sections is 2% per annum of the gross receipts of the sales. The tax levied under Section 3 is fixed at the rate of $1 a year for each horsepower of capacity of the machinery or apparatus known as the "prime mover" or "prime movers" operated by those using the same in the operation of their businesses.

Counsel for the state, relying on certain expressions used in the case of State v. Standard Oil Co. of Louisiana, supra, argued both orally and in brief that since the state by adopting the act of 1932 created a power tax that was unknown in this state at the time the act of 1906 was

passed, the provisions thereof are not applicable to the case at bar.

Counsel are in error in their appreciation of the holding in the Standard Oil Co. case, for, in disposing of the issue of the prescription of a tax levied on the severing of natural resources in this state in that case, we pointed out that the object of the act (No. 148 of 1906) was "To carry into effect Article 229 of the Constitution of 1898, and to provide a prescription for licenses and for additional licenses * * *," and in connection therewith the history of the constitutional article was traced, showing that until it was amended in 1910, it did not authorize the imposition of a license tax on the business or occupation of severing natural resources in the state—four years after the passage of the act of 1906—and concluded that: "Undoubtedly, until the adoption of the Constitution of 1921 the prescription established by Act No. 148 of 1906 was applicable to such taxes as were imposed on the occupation of severing the natural resources at that time, because they were then authorized under section 229 of the Constitutions of 1898, as amended in 1910 * * *, the provisions of the Constitution sought to be carried out by Act No. 148 of 1906." [188 La. 978, 178 So. 620.]

Counsel for the state direct our attention to the fact that Article 229 of the Constitution of 1898 provides that "The General Assembly may leave [levy] a license tax, and in such case shall graduate the amount of such tax to be collected from the persons pursuing the several trades, professions, vocations, and callings" (italics ours), insisting that since the article only authorizes one license tax on each occupation or business, any additional tax on such occupation or business would necessarily have to fall into the classification of other excise taxes authorized under the constitution, such as severance, franchise, and sales taxes, and argue that the license or occupational license tax, strictly speaking, is imposed on those engaged in the business or occupation as a condition precedent to the transaction of any business, irrespective of the volume thereof, while an excise tax is imposed only in the event business is transacted and then is based on the volume of business done.

The only limitation placed on the legislature of this state by Article 229 of the Constitution of 1898, in the levying of a license or occupational tax, is that the amount of such tax be graduated. The fact that Article 229 of the Constitution of 1898 refers to the tax in the singular instead of the plural is of no moment, for the corresponding article in our Constitution of 1921 declares that "License taxes may be levied on such classes of persons, associations of persons and corporations pursuing any trade, business, occupation, vocation or profession, as the Legislature may deem proper * * *" with the limitation that "Such license taxes may be classified, graduated or progressive." Section 8 of Article X. (Italics are ours.)

In the case of State v. H. L. Hunt, Inc., 182 La. 1073, 162 So. 777, 781, 103 A.L.R. 9, this court had for consideration the constitutionality of this act of 1932, and particularly Section 3 thereof. We held

that the act answered the requirements of the constitutional provisions found in Section 8 of Article X of the Constitution of 1921. In disposing of that issue the court said:

"Assuming that the constitutional provision means that license taxes must be classified, graduated, or progressive, any reasonable method of graduation will suffice. State v. Heymann, 178 La. 479, 151 So. 901. Section 3 of Act No. 6 of 1932 designates or classifies those who are amenable to the tax. The statute levies the tax only on those who in the conduct of their business or occupation at any time use electrical or mechanical power of more than ten horsepower. The statute also graduates the amount of the tax levied. The measure or quantum of the tax is determined by the total horsepower capacity of the machinery or apparatus used in the conduct of the business. The greater the horsepower capacity of the property used, the greater the tax. * * *"

It is interesting to note that the then Attorney General of this state, in order to maintain the constitutionality of Act No. 6 of 1932, argued, in 1935, that "The Legislature of Louisiana, in passing Act No. 6 of 1932, acted by and under authority of Section 8 of Article 10 of the Constitution of the State of Louisiana, which section authorizes the Legislature to levy license taxes." In addition, the act itself makes reference to this specific constitutional provision by excepting from the operation of the provisions of Section 3 of Act No. 6 of 1932, "horsepower capacity of all machinery and apparatus operated, that part

of such capacity used in a mechanical, agricultural or horticultural pursuit, *or any other occupation exempt from a license tax under Section 8 of Article X of the Constitution of Louisiana,* or in operating a sawmill. * * *" (Italics ours.)

We therefore conclude that the tax levied under the provisions of Act No. 6 of 1932 falls into the category of occupational license taxes within the meaning and contemplation of Section 8 of Article X of the Constitution of 1921, formerly Article 229 of the Constitution of 1898, and, consequently, that the tax in the instant case is subject to the prescription of three years provided for in Section 1 of Act No. 148 of 1906.

For the reasons assigned, the judgment of the lower court is affirmed.