37 So.2d 598

STATE v. TRIANGLE DRILLING CO., Inc.
No. 38685.

Nov. 8, 1948.

Eugene A. Conway and Stephen B. Rodi, both of Baton Rouge, and Irion & Switzer, of Shreveport, for plaintiff-appellant.

Smitherman, Smitherman & Purcell, of Shreveport, for defendant-appellee.

MOISE, Justice.

This suit involves a tax alleged to be due the State under the provisions of Act No.

25 of the Second Extra Session of 1935, as amended by Act No. 5 of the Fourth Extra Session of 1935. The district court rejected the State's demand and it has appealed.

After this appeal was lodged in this Court and upon motion duly filed here by counsel for both plaintiff and defendant, W. A. Cooper, Collector of Revenue, and A. J. Hodges Industries, Inc., were substituted as parties plaintiff and defendant, respectively.

The record contains an agreed stipulation of fact in which it is admitted that the defendant used in the conduct of its business during the months of August, September and October, 1944 certain mechanical equipment with a capacity of 362.08 horsepower, and that on November 1, 1944, the Standard Oil Company of Louisiana purchased from the defendant the equipment in question, used it in its business and paid the tax due thereon for the fiscal year ending July 31, 1945.

The issue involved is whether the defendant is liable to the State for a power tax because of the use of this equipment in its business during the months of August, September and October of the tax year 1945, even though the Standard Oil Company of Louisiana paid a power tax for the privilege of using the same equipment for the same tax year.

Section 3 of Act No. 25 of the Second Extra Session of 1935, as amended by Act No. 5 of the Fourth Extra Session of 1935, provides that in addition to all other taxes, every person, firm, or corporation engaged in business in the State, which uses, in the conduct of such business, electrical or mechanical power of more than ten horsepower, shall be subject to the payment of a tax of fifty cents per annum for each horsepower of capacity of machinery operated by the said person, firm or corporation. Section 5 of this statute provides that the Collector of Revenue shall have power to make reasonable rules and regulations for the enforcement of the Act, which shall have the full force and effect of law. These regulations provide that the tax is not to be pro rated; that it is due at the yearly rate of fifty cents for each horsepower of capacity of all prime movers operated, whether the prime movers are operated for one day or three hundred sixty-five days during a year; and that the tax is due by every operator whether they own, rent, or borrow the equipment in question.

The defendant contests the legality of the tax and the reasonableness of the regulations. It argues that the regulations broaden the language used by the Legislature in Section 3 of the statute because the words per annum in the act show the legislative intent to impose only one annual tax; that when the statute uses the words "privilege tax of Fifty Cents (50c) per annum for each horsepower of capacity of the machinery", this language manifests an intent that the payment of the tax should be for one year; that once the tax is paid

by a user prior or subsequent users of the machine would not be liable to the State for an additional fifty cents per horsepower each, although each user might be under obligation to share the tax in proportion to the time used during the tax period, and that the imposition of a tax upon the defendant here constitutes double taxation. The defendant also argues that under the regulations ten or twelve different individuals or concerns might have to pay the tax on the same power machinery and that this is unreasonable and confiscatory.

The State, on the other hand, urges that the defendant owes the tax because it used the machinery in its trade or business; that the tax is a license or privilege tax as contradistinguished from a property tax; and that there is involved no question of double taxation.

We are in accord with the State's conclusion. The term per annum is an effective restriction to prevent double taxation because, when a tax is paid, the user is protected for the full year. He cannot be taxed again for the use of the same subject. If the owner of the machinery does not use his property, he cannot be taxed under this act; if he does use the machinery, he is taxed; and if he disposes of it, the purchaser and user is liable for the tax on the basis of the horsepower capacity of the equipment. Where is double taxation? The defendant has paid no tax for the use of the equipment in 1945.

Double taxation occurs when one person or any one subject of taxation shall directly contribute twice to the same burden, while other subjects of taxation belonging to the same class are required to contribute but once. See Cooley, The Law of Taxation, 4th Ed., Vol. 1, Sec. 225, p. 484. The Standard Oil Company of Louisiana made this contribution because it had exercised the privilege of using this machinery in its business. We find no merit in defendant's contention of double taxation.

The defendant also contends that the Standard Oil Company of Louisiana used the same machinery, that the tax paid by the Standard Oil Company of Louisiana was for one year, and was the only tax due. However, it is clear that if ten users exercise the privilege of use in the operation of their business, there must be ten taxes paid by these users. They are assessed alike. "The only person who is entitled to complain of a double assessment is the one who is made to bear more than his proportion of the burden of taxation. * * *" Cooley, op. cit. supra, Sec. 227, p. 488.

The rule is one of equality and uniformity of right. The tax is levied upon all users and is measured by the amount of horsepower capacity of the machinery used. With equal capacity, equal taxes are paid. To make any other construction of the act would be the writing into the statute of an exemption which the Legislature did not give and certainly one which this court cannot grant.

For the reasons assigned, the judgment appealed from, insofar as it decrees that there is no additional power tax due by the defendant to the plaintiff for the tax year ended July 31, 1945, is reversed and set aside; and

It is now ordered that there be judgment herein in favor of plaintiff and against the defendant for additional power taxes for the year ended July 31, 1945, in the full sum of One Hundred Eighty-one and 04/100 ($181.04) Dollars, together with interest thereon at the rate of six per cent per annum from March 31, 1947, until paid, with an additional amount of ten per cent of said taxes and interest as attorney's fees. In all other respects, the judgment of the district court is affirmed. The defendant to pay all costs.

O'NIELL, C. J., dissents.

HAMITER, J., takes no part.