HARDY, Judge.
This suit was instituted by the State of Louisiana for the recovery of the principal sum of $1,351.95, together with interest, allegedly due and owing in the nature of power use taxes for the period August 1, 1951 to July 31, 1954, inclusive. After trial there was judgment rejecting plaintiff’s demands, from which it has appealed.
There being no dispute between the parties as to the facts, the same were stipulated and the controversy resolved into a question of law. The State contends the tax claimed is due under the provisions of LSA-R.S. 47:1151-1160. The tax at issue in this action is levied on specifically described “prime movers” owned and operated by defendant and located at several of its gasoline plants in North Louisiana.
The stipulated facts, pertinent and material to the resolution of the issue presented, recited that defendant, in each instance and at each plant location as particularly described, owned and operated duplicate units; that defendant has paid in full the power use tax on the regular units covering the same period of time for which plaintiff seeks to collect the tax on the duplicate units; that the duplicate units were maintained by defendant as stand-by machines for emergency use in the event of any defection in operation of the regular units; that at no time during the period for which •the tax is claimed were both regular and duplicate units simultaneously used or operated; that each unit was used approximately 50%. of the time without regard to the existence of any emergency; that the alternating use of the regular and duplicate units was employed in accordance with sound engineering practice for the purpose of preventing physical deterioration through non-use; that maintenance of the alternate or duplicate units in good working order could be assured by operation of such units in actual service for approximately fifteen minutes each day, it being agreed, however, that such restricted use in the instant case would have resulted in undue inconvenience to defendant in its operational procedure.
The statutory provisions which are here involved are found in Title 47 of the Revised Statutes under Chapter 13, dealing with the Power Use Tax, and read as follows :
“§ 1151. Imposition of tax
“Every person engaged in any business or occupation in which he uses electrical or mechanical' power of more than ten horsepower and does not procure all the power required in the conduct of his business or occupation from a person subject to the tax imposed by R.S. 47:1061, shall be subject to the payment of an excise, license or privilege tax of fifty cents (50¡é) per annum for each horsepower of capacity of the machinery or apparatus known as the ‘prime mover’ or ‘prime movers’, operated by him for the purpose of producing power for use in the conduct of his business or occupation.
“The tax levied herein shall be in addition to all other taxes of every kind, and shall not affect the liability of the parties so taxed for the payment of all other state, parochial, municipal, district and special taxes levied upon their real estate and other corporeal property.
*451 “§ 1152. Definitions
“For the purposes of this Chapter, the ‘horsepower capacity’ of machinery or apparatus shall be taken as the brake horsepower of the ‘prime mover’ or ‘prime movers’ determined according to the rules and principles as found in any recognized standard mechanical engineer’s handbook.”
“§ 1153. Exemptions and exclusions from the tax
**:(<***
“D. The tax imposed by R.S. 47:1151 shall not apply to machinery and apparatus used for stand-by or emergency purposes.”
The opposed contentions of the parties to this litigation may be briefly stated as follows:
Plaintiff, State of Louisiana, contends that power equipment, although owned for stand-by or emergency purposes, is not exempt from taxation under the provisions of LSA-R.S. 47:1153, subd. D, quoted supra, if it is regularly used. In other words, the State argues that power equipment is exempt from application of the tax only if it is maintained as stand-by equipment and used only in cases of emergency.
On the other hand, defendant contends that the duplicate facilities are exempt from taxation under the provisions of LSA-R.S. 47:1153, subd. D, notwithstanding the use of such equipment in alternate operation with regular units upon which the tax has been paid.
We think it necessary to delineate the definitions of certain terms which must be considered with relation to the issue presented, which definitions, fortunately, we find embraced in the jurisprudence of this State:

Prime Mover:

“[A] ‘prime mover’ [is an] initial source of power, as an engine or machine, the object of which is to receive and modify force and motion as supplied by some natural source, and apply them to drive other machinery, as a water wheel, a water pressure engine, a wind-mill, a turbine, a tidal motor, a steam engine or other heat engine, etc.” Coverdale v. Arkansas-Louisiana Pipeline Co., 303 U.S. 604, 58 S.Ct. 736, 738, 82 L.Ed. 1043.

Emergency:

“‘[1] Bouvier’s Law Dictionary [Rawle’s Third Revision, p. 1008] defines “emergency” as follows:
“ ‘ “An unexpected condition demanding immediate action” and then gives as synonyms: “crisis, conjecture, exigency, pinch, strait, necessity.”
“ ‘Words and Phrases has this to say on the meaning of the term “emergency.”
“ ‘ “Webster defines the word ‘emergency’ as ‘any event or occasional combination of circumstances which calls for immediate action or remedy; pressing necessity; exigency.’” (14 Words and Phrases, Perm. Ed., p. 299.)
“ ‘Corpus Juris, vol. 20, page 499, defines “emergency” as follows:
“ ‘ “Any event or occasional combination of circumstances which calls for immediate action or remedy; a sudden or unexpected happening; any case of casualty or unavoidable accident.” (See also 29 C.J.S., Emergency, p. 760).’ ” State v. Getty, 207 La. 89, 20 So.2d 546, 549.
It is apparent that all of the machines involved, whether designated as regular or duplicate units, come under the classification of “prime movers”. Under the provisions of LSA-R.S. 47:1151 the imposition of the power use tax is calculated upon the basis of the horsepower capacity of the prime movers operated for the purpose of producing power to be used in the conduct of a business or occupation. This section further classifies the tax as being an excise, license or privilege tax.
*452 The exemption provided in Section 1153, subd. D is clear and unambiguous, and the effect thereof is to exempt prime movers “used for stand-by or emergency purposes.”
There is no indication, even by implication, in the agreed stipulation of facts, that any of the prime movers owned and operated by defendant were used, during the period for which the taxes are sought to be collected, for emergency purposes. Indeed, there is no stipulation showing that an emergency of any nature actually occurred during the period involved.
It seems clear that the exemption provided in Section 1153, subd. D, is applicable only to machinery used for stand-by or emergency purposes. In this case, since it is shown that all machines owned and operated by defendant were regularly and alternately used, and since there is no showing of the restriction of use of the alternate or duplicate units for emergency purposes, we are at a loss to find any substantial reason for the allowance of the statutory exemption.
It is obvious that the defendant in this case maintained and operated two sets of prime movers which are referred to as “regular” and “duplicate” machines. There is no showing as to any distinction between the machines which would justify the classification of one as a “regular” unit and the other as a “duplicate” unit, and it must therefore be considered that this classification is purely arbitrary and has no bearing upon the issue presented.
We think it is incontrovertibly established by the stipulation of facts that none of the machines which are here concerned were used for stand-by or emergency purposes. It follows, therefore, that none of the machines can be exempt from imposition of the tax.
We think the point involved in this case was definitely and clearly disposed by the following observation in the opinion in State v. Getty, cited supra [207 La. 89, 20 So.2d 549]:
“' * * * the term “stand-by” as used in this Statute includes any machine or apparatus furnishing mechanical power and which is used only on occasions of sudden or unexpected breakdown or unavoidable accident * * ” (Emphasis supplied.)
The holding in the Getty case, which rejected the State’s claim to additional power use taxes, was predicated upon facts which were entirely at variance with those here concerned, for the court observed that the engines, upon which the tax was sought to be imposed, were used only on rare occasions, which were “ ‘infrequent, irregular and indeterminate.’ ” The court properly concluded that the imposition of the tax under the facts of the case would contravene the well defined rule which requires the avoidance of a harsh or unjust construction of a statute, and declared:
“ ‘With this rule in mind, and keeping in mind the factual situation in this case, that these engines are old and are not used over twice a year and then for periods of less than a day, and are never used for pumping these wells but only when at infrequent intervals it becomes necessary to pull up worn out pipe, broker sucker rods or pumps when they need repair or replacement; and keeping in mind, too, that the Statute imposes this tax only on machinery or apparatus known as “prime movers” operated “for the purpose of producing power for use in the conduct of such business or occupation” ; and keeping in mind further that the Statute expressly provides that this tax “shall not apply to machinery or apparatus used for standby or emergency purposes;” under these conditions in the opinion of this Court to construe this Statute so as to make this tax applicable to these engines to the same extent and in the same manner as the tax is applicable to the main electric power unit which is used constantly for pumping these wells, would be a harsh and unreasonable construction of the Statute.’ ” (Emphasis supplied.)
Although the case concerned a completely different issue from the one before *453 us, we think, the observation made in the opinion of the Supreme Court in State v. Triangle Drilling Co., Inc., 214 La. 273, 37 So.2d 598, 599, is appropriate. The court declared:
“If the owner of the machinery does not ■ use his property, he cannot be taxed under this act; if he does %ise the machinery, he is taxed * * (Emphasis supplied.)
The determinative factor in the resolution of the question presented concerns the use of the machinery. Machines used for stand-by purposes are exempt from imposition of the tax; machinery used for emergency purposes is exempt from imposition of the tax. Neither of these specific uses is established in the instant case. To the contrary, admittedly, all machines were used by defendant alternately and regularly. We are completely unable to discern any logical ground for the contention that machinery is exempt from the power use tax when it is regularly used. The mere denomination of certain machines as stand-by units is not sufficient to justify an exemption in absence of a showing that they were used only in emergencies.
 As has been above somewhat casually indicated, we are entirely aware of the general rule of construction to the effect that a harsh and unjust construction of a statute should be avoided whenever possible, and that taxing statutes are to be strictly construed and any doubts resolved in favor of the taxpayer. With these principles we are heartily in accord and have not the slightest desire nor intention of departing from their application. But, in the instant case, we think there is nothing doubtful about the wording of the statute and we cannot substitute our judgment as to its wisdom for its clearly expressed meaning.
It is stoutly urged that the operation of the duplicate facilities, whether for periods of minutes or hours each day, is no concern of the State. In other words, defendant contends that no prejudice results from an operational procedure responsive to sound engineering practices and beneficial to the maintenance of the machinery. We feel quite free to concede this point but we observe, in connection with the concession, that it has no bearing upon the interpretation and enforcement of the statute. It may be as logically argued and is, we think, just as true, that the defendant pursues .this method of operation for its own benefit and in its own interest. These considerations from the opposing points of view of the State and the taxpayer, fortunately, do not require determination by this court. In the final analysis the taxpayer must determine for himself whether the benefit derived from adherence to sound engineering practices outweighs the tax incurred thereby.
The argument that the State is in nowise prejudiced by the method of operation in the instant case, inasmuch as the tax is based upon the horsepower of the machines, as a consequence of which it should not concern the State whether one machine is used continuously or a number of machines are used alternately, is not valid in view of the holding of the court in State v. Triangle Drilling Co., cited supra. Despite the fact that the power use tax is clearly designated as an annual tax, the court declared:
“ * * * it is clear that if ten users exercise the privilege of use in the operation of their business, there must be ten taxes paid by these users.”
In the light of the facts involved we can only conclude that the wording of the exemption clause, according to its clear meaning and with respect to common and accepted definitions of the terms used, has no application in this case, and it follows that the State is entitled to collect the tax which it claims.
For the reasons assigned the judgment appealed from is reversed and set aside and there is now judgment in favor of plaintiff and against the defendant, Arkansas-Fuel Oil Corporation, in the full sum of *454 $1,501.38, with interest on the amount of $1,351.95 at the rate of 6% per annum from date of December 31, 1954, until paid, together with all costs.