GLADNEY, Judge
(dissenting).
In order to avoid conflict with the Commerce Clause of the United States Constitution, Art. I, Sec. 8, the power use tax was based upon the power generated and employed. See: Coverdale v. Arkansas-Louisiana Pipeline Co., 303 U.S. 604, 58 S.Ct. 736, 82 L.Ed. 1043, a test case wherein the impost was recognized to be a tax on the activity of generating power as distinct from the activity of applying the power to operate transmission service. It is, therefore, a privilege, excise or occupational license tax, but is in no sense a property tax, although measured by the horsepower capacity of the machinery or apparatus used in generating the power. State ex rel. Porterie v. H. L. Plunt, Inc., 1935, 182 La. 1073, 162 So. 777, 103 A.L.R. 9; State ex rel. Fontenot v. Standard Dredging Corporation, 1949, 216 La. 509, 43 So.2d 909.
In the instant case the taxpayer by having on hand the two units generated no more power than produced by one, for the units were never used simultaneously, one always remaining constantly for stand-by use. The only advantage to the taxpayer from an interchange of the units during operations is in preservation of his machinery. The state loses none of its tax thereby and hence is not prejudiced. The effect of imposing the tax pn both units is to impress each unit with a special identity not reflected in the statute. The effect of the majority opinion herein is to levy the tax as if it were a property tax on each unit, and subjects the taxpayer twice to the same burden. State v. Triangle Drilling Co., 1948, 214 La. 273, 37 So.2d 598.
I respectfully dissent.
Rehearing denied; GLADNEY, J., dissenting.