### No. 1477.—H. G. Hodgson *v.* City of New Orleans.

The city ordinance of the city of New Orleans for the year 1866, which declares that "every keeper of a warehouse where produce, goods, wares or merchandise are received on storage, *one hundred dollars for each and every warehouse*" was intended to impose a *license tax* of one hundred dollars upon the particular calling or business of keeping a warehouse, and not a tax upon the warehouse itself.

Such a tax is uniform upon all persons engaged in that kind of business.

APPEAL from the Third District Court of New Orleans. *Fellowes, J. Lacey & Butler*, for plaintiff and appellant. *H. D. Ogden*, for defendant and appellee.

TALIAFERRO, J. The plaintiff complaining of the unconstitutionality and excessive character of the forty-second section of the city ordinance approved December 16, 1865, entitled "An act to establish a uniform rate of taxes and licenses on professions, callings and other business, and on carriages, hacks, drays and other vehicles, for the year 1866," took out an injunction to prohibit the city from collecting from him one hundred dollars, the sum assessed to every keeper of a warehouse. On the trial of the injunction in the court below, it was dissolved, and the plaintiff appeals.

The objection is that the tax is not laid upon an entire class, calling or pursuit as it should be, so as to be uniform upon all persons engaged in and pursuing as a business or calling the keeping of warehouses. The plaintiff holds that it is the *warehouse*, and not the *trade or occupation* of warehouse keeping that is taxed. The forty-second section of the ordinance in question reads: "Every keeper of a warehouse where produce, goods, wares or merchandise are received on storage, one hundred dollars for each and every warehouse."

When, by the terms of a law or ordinance imposing a tax, it clearly embraces all who are engaged in the particular business or calling taxed, we are unable to see why it does not fulfill the constitutional provision requiring taxation to be equal and uniform. The forty-second section of the city ordinance just quoted does not declare that all who are engaged in the business or calling of warehouse keeping shall pay a hundred dollars for each and every warehouse; but it does substantially declare the same thing in substance, if not in direct terms, when it announces that every keeper of a warehouse where produce, goods, wares or merchandise are received on storage, shall pay one

hundred dollars for each and every warehouse. The case of A. W. Meriam *v.* the city of New Orleans, 14 An. p. 318, presented a case similar in every essential point to the one now before us. In that case the objection was to the city ordinance which declared that "every keeper of a billiard table, the whole tax being levied upon each and every billiard table shall pay sixty dollars." The same ground of unconstitutionality for want of uniformity and failure to specify the trade or business was taken as in the present case. Judgment was rendered against the plaintiff, and the court said: "Notwithstanding the language of the thirty-fourth section of the ordinance in question declares that a tax of sixty dollars shall be assessed and collected from every keeper of a billiard table, the whole tax being levied upon each and every billiard table, we have no doubt that the intention of the Common Council was to impose a license tax upon the particular calling or business of keeping a billiard table, and not a property tax upon the table itself."

The plaintiff refers to the case of the Police Jury of the parish of Orleans, right bank, *v.* Pierre Nougues, 11 An. 740. We do not think it sustains him. The tax resisted in that case imposed an assessment upon each and every person keeping a dairy within certain limits specified in the ordinance, of $2 annually for each and every cow. Here there was the lack of equality and uniformity, for as the court remarked, "the ordinance, while professing to tax the occupation really imposes a tax upon cows kept by dairymen within certain limits. The tax is not on all cows within the jurisdiction of the Police Jury, but upon the cows kept by certain individuals, whilst other individuals may keep cows without taxation."

Evidence was introduced on the part of the plaintiff going to show that there were persons who kept private warehouses and received payment for storage, without being required to pay the license tax, and others who kept warehouses for the reception of articles brought to them for repairs, such as boilers, machinery of various kinds, etc., and who also received goods in their warehouses on storage alone, and charged and collected money for such storage without paying for a license. What benefit the plaintiff is to derive from this testimony we are at a loss to conceive. He sets himself out in his petition as keeper of "the Mississippi and Western Warehouses" in the city of New Orleans.

We conclude that the judgment appealed from was correctly rendered.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed, with costs in both courts.