SIMON, Justice.
The Court of Appeal, 1st Circuit, has certified questions of law to us for instructions, and under Sec. 4 of Rule XIII of this Court, the Court of Appeal has certified its findings- of fact on which the said questions of law are predicated. Rather than submit our instructions on the questions of law certified and remand the case to the Court of Appeal for decision, *528 we exercise the privilege accorded us by Sec. 25 of Art. VII of our Constitution, LSA, of considering and disposing of the whole matter in controversy as though it had been appealed directly to this Court[1].
We consider the findings of fact of the Court of Appeal pertinent to the issues here involved are as follows:
“This is a declaratory judgment action brought by certain service station operators against the City of Baton Rouge and its treasurer. Plaintiffs seek judgment interpreting Section 62, Title 9 of the Baton Rouge City Code[2], in the light of Section 24.1 of Article XIV of the Louisiana [LSA-] Constitution, and decreeing that plaintiffs are entitled to occupational licenses to operate service station without including in the computation of the occupational license taxes due by them to the City, their gross sales of gasoline, motor oils and other motor fuels.
“The city ordinance in question affecting the occupational license tax owed by all businesses within the corporate limits including plaintiffs, provides that:
“ ‘The amount of the license tax levied herein in each case is hereby fixed, determined and ordained to be the same as that fixed, levied and collectible by the State of .Louisiana under, and shall be graded in accordance with, the provisions of Louisiana [LSA-] Revised Statutes, Title 47, Sections 341-405, both inclusive, as amended, and all other applicable laws of Louisiana, all of which for the purposes of this ordinance are made a part hereof by reference as fully as if written herein in extenso.’
“The authority for the State and for local subdivisions to impose occupational license taxes is found in Section 8 of Article X of the Constitution of 1921, and which pertinently provides as follows:
“ ‘License taxes may be levied on such classes or persons, associations of persons and corporations pursuing any trade, business, occupation, vocation or profession, as the Legislature may deem proper * * * No political subdivision shall impose a greater license tax than is imposed for State purposes ij: % % i
“The State occupational license tax upon retail gasoline dealers such ,as plaintiffs provides that the gross sales *530 by which it is measured shall include gasoline sales. LSA-R.S. 47:353.
“The City Treasurer of the City of Baton Rouge therefore requires plaintiffs-appellants to include in their gross sales (by which their city occupational license tax is measured) their sales of gasoline products, just as is done for the purpose of measuring the State occupational license tax due.
“Plaintiffs urge that the inclusion of their sales of gasoline products used in the generation of motive power violates the constitutional provisions found in Section 24.1 of Article XIV of the Constitution, which provides:
“ ‘No parish, municipality or other political subdivision, shall levy an excise, license or privilege tax upon gasoline, kerosene or other combustibles used in the generation of motive power; provided that nothing in this Constitution shall be construed to limit the right of the Legislature to levy State taxes on gasoline, benzine, naphtha and other motor fuels.’
The district court, in rendering judgment in favor of the defendant City held:
(1) that an occupational license tax measured by the gross sales of gasoline in the generation of motive power is not an “excise, license or privilege tax” on gasoline such as is prohibited by Sec. 24.1 of Art. XIV of the Louisiana Constitution, and
(2) in concluding that parish, municipal, and other local political subdivisions are not prohibited by said section and article from requiring the inclusion by service station operators of sales of gasoline products in the gross sales by which their local occupational license tax is measured.
On the basis of the conclusions reached by the district court and the factual findings submitted by the Court of Appeal, as aforesaid, the issue presented for our determination is whether an occupational license tax measured by the gross sales of gasoline used in the generation of motive power is an “excise, license or privilege tax” on gasoline such as is prohibited by Sec. 24.1 of Art. XIV of the Louisiana Constitution.
Art. X, Sec. 8 of the Louisiana Constitution delegates to the Legislature the power to provide for the levying of license taxes upon certain trades, businesses and occupations, the pertinent part of which reads as follows:
“License taxes may be levied on such classes of persons, associations of persons and corporations pursuing any trade, business, occupation, vocation or profession, as the Legislature may deem proper * * * ”
Art. X, Sec. 8 of the Constitution was last amended by Act 77 of 1934, and adopted by the electorate on November 6, *532 1934, which will be hereinafter referred to.. Subsequent to this last amendement of Article X, Sec. 8 of the Constitution, Article XIV, Sec. 24.1 of the Constitution was amended by Act 395 of 1940 and adopted by the electorate on November 5, 1940, to provide as follows:
“No parish, municipality or other political subdivision, shall levy an excise, license or privilege tax upon gasoline, kerosene or other combustibles used in the generation of motive power; provided that nothing in this Constitution shall be construed to limit the right of the Legislature to levy State taxes on gasoline, benzine, naphtha and other motor fuels.”
The Legislature has acted under the authority of Art. X, Sec. 8 of the Constitution to levy a State occupational license tax and to provide that municipalities may levy similar taxes, provided that the said taxes conform to the State Occupational License Tax Laws. Pursuant thereto, Legislature adopted LSA-R.S. 47:341 and LSA-R.S. 47:397.
LSA-R.S. 47:341 provides: “In addition to all other license and excise taxes imposed in other chapters of this Title or in other laws, there is hereby levied an annual license tax upon each person pursuing any trade, profession, vocation, calling or business in this state subject to license under Section 8 of Article X of the Constitution of 1921, which annual license tax shall be classified and graded as set out in the following Sections of this Chapter.”
LSA-R.S. 47:397 provides: “Any municipal or parochial corporation shall have the right to impose a license tax on any business, occupation or profession herein enumerated, provided that all such license taxes shall conform to the provisions of Section 8 of Article X of the Constitution.”
-LSA-R.S. 47:353 provides for the calculations of the occupational license tax due by retail dealers on the basis of their dollar amount of gross annual sales.
The City Council of the City of Baton Rouge imposed and levied the occupational license tax herein opposed upon “ * * * each person who may be subject to such license tax under the Constitution and Laws of Louisiana, pursuing and conducting any business within the corporate limits of the City.” The amount of the said occupational license tax is provided for as abovestated, and as follows:
“The amount of the license tax levied herein in each case is hereby fixed, determined and ordained to be the same as that fixed, levied and collectible by the State of Louisiana under, and shall be graded in accordance with, the provisions of Louisiana [LSA-] Revised Statutes, Title 47, Sections 341-405, as amended, and all other applicable laws *534 of Louisiana, all of which for the purposes of this ordinance are made a part hereof by reference as if written herein in extenso.” (Sec. 62, Title 9, Baton Rouge City Code.)
Plaintiff contends that Sec. 24.1 of Art. XIV of the Constitution, as amended by Act 395 of 1940, prohibits any political subdivisions of the State from levying any tax on gasoline or other motor fuels which is either an excise tax, a license tax or a privilege tax; that once the amendment of 1940 became effective the Constitution of Louisiana authorizes the Legislature to permit the levying of license taxes by political subdivisions of the State, under authority of Art. X, Sec. 8, only if the license tax is not an excise, license or privilege tax on gasoline or other motor fuels, the levying of which is prohibited by Sec. 24.1 of Art. XIV; that therefore the attempt on the part of the City of Baton Rouge to collect an occupational license tax from these plaintiffs is unconstitutional insofar as it attempts to tax plaintiffs’ gross receipts from sales of gasoline and other motor fuels.
On the other hand, the City of Baton Rouge contends that the tax imposed by the ordinance in question is a tax, under the authority of Art. X, Sec. 8 of the Constitution, on the privilege of pursuing a trade, occupation, vocation or profession and is not a tax upon the sale of gasoline and.other motor fuels; that it is a separate and distinct tax from one directly imposed on the merchandise or other property sold in the conduct of any such trade, business or occupation, the volume of business as evidenced by gross sales being merely the basis upon which the tax is graduated.
At the outset it may be stated that the issue here presented does not involve the validity of the ordinance vel non, but only its specific application to one phase of business, the sale of gasoline and other motor fuels by service station operators.
A direct tax is defined in Ballentine’s Law Dictionary, 1930 Ed., supplemented to 1954, p. 378 as: “A capitation tax or a tax on real or personal property by reason of its ownership whether based on its value or not.”
In defining an indirect tax, Ballentine’s Law Dictionary, pp. 635 and 636, draws a clear distinction between a direct and an indirect tax as follows:
“All taxes, other than polls, are either direct or indirect. A direct tax is one that is imposed directly on property according to its value. It is generally spoken of as a property tax, or an ad valorem tax. An indirect tax is a tax upon some right or privilege, and it is also called an excise or occupation tax.”
The definition and discussion of an excise tax found in Ballentine’s Law Dictionary, supra, p. 460 is as follows:
*536 “In its original sense, an excise was something cut off from the price paid on a sale of goods, as a contribution to the support of the government, but in its broader meaning it now includes every form of taxation which is not a burden levied directly upon persons or property, every form of charge imposed by public authority for the purpose of raising revenue upon the performance of an act, the enjoyment of a privilege, or the engaging in an occupation.”
Although an excise tax may partake of the nature of a license tax, the former has a wider and more comprehensive meaning. We find the term license tax is defined and discussed in Ballentine’s Law Dictionary, supra, p. 756:
“The term implies a burden on that which is not property, but results from the enjoyment or the conduct of the business or calling, or on a civil right and privilege.
“It is a tax imposed on the privilege of exercising certain callings, professions or vocations, that, when collected,' goes into the’ public treasury. Such taxes are levied for both revenue and regulation.”
The term “privilege tax” is defined in Ballentine’s Law Dictionary, supra, p. 1018:
“The term is synonymous with the term ‘excise tax’ and the two are often used synonymously. Taxation of the privilege is upon the occupation or activity carried on amid the social, economic and industrial environment, under the protection of the state.”
From the foregoing it is manifest that the terms “excise tax”, “license tax” and “privilege tax” are synonymous and are used interchangeably to the extent that they are all “indirect taxes” which are imposed upon the acts of persons, whereas a “direct tax” is one which is imposed upon the persons themselves or upon the property owned by them. It is equally manifest that an “excise” or “privilege” tax may be a tax on any act of a person, whereas a “license tax” is generally taken to have the limited meaning of a tax upon a person’s business or occupation.
These well-settled distinctions between direct taxes such as excise, license and privilege taxes, and direct personal and property taxes have met with full acceptance in our jurisprudence.
In the case of State ex rel. Guillot v. Central Bank & Trust Co., 143 La. 1053, 79 So. 857, 358, this Court said:
“A license may be defined as a permit granted by the sovereign, generally for a consideration, to a person, firm, or corporation to pursue some occupation or to carry on some business which is subject to regulation under the police power of the government.”
*538 The early case of Merriartr v. City of New Orleans, 14 La.Ann. 318, involved an attack on a municipal ordinance levying a license tax on every keeper of a billiard table, the amount of the tax being measured by the number of tables. Plaintiff contended that the tax was a property tax on the tables and not a license or privilege tax for the use of the tables in the taxpayer’s business, and hence the ordinance was unconstitutional. We held this contention untenable and that the clear intention of the Legislature was to impose a license tax upon the particular calling or business of operating a billiard table for public use, and not a tax upon the table itself.
The case of Hodgson v. City of New Orleans, 21 La.Ann. 301, wherein the Merriam -case was cited and quoted with approval, a municipal ordinance levied a tax on every keeper of a warehouse where produce, goods, wares or merchandise were received for storage. We held that the tax was a license tax upon the particular calling or business of keeping a warehouse and not a tax upon the warehouse itself.
The case of State v. Heymann, 178 La. 479, 151 So. 901, involved the levying of a license tax on the business of operating an office building. We held that the tax was not a direct tax upon the property but a license tax upon the business in which the property was used or employed.
The case of State ex rel. Porterie v. H. L. Hunt, Inc., 182 La. 1073, 162 So. 777, 779, 103 A.L.R. 9, involved the interpretation of a statute levying an “excise, license, or privilege” tax on the use of electrical and mechanical power, and in the creation thereof through the operations of machines. The defendant contended that the tax in reality was not upon the business or occupation of the user of the machines but was a direct tax upon the only thing of value in the machines, their use, and hence was a property tax. We held the tax so levied to be not a property tax but an excise tax, saying:
“The distinction between a property tax and an excise tax is set forth in Cooley on Taxation * * *, as follows, viz:
“ ‘ * * * If the tax is directly on property itself, the tax is a property tax; but a tax is an excise tax rather than a property tax where it is not a tax on property as such, but upon certain kinds of property, having reference to their origin and their intended use. Another thing to be noted, it has been said, is that the obligation to pay an excise tax is based upon the voluntary action of the person taxed in performing the act, enjoying the privilege, or engaging in the occupation which is the subject of the excise, and the element of absolute and unavoidable demand, as in the case of a property tax, is lacking.’ ”
*540 The phrase “license tax” implies a burden on that which is not property; but results from its enjoyment or the conduct of the business or calling, or on a civil right and privilege. 17 R.C.L., p. 474.
In the case of Mouledoux v. Maestri, 197 La. 525, 2 So.2d 11, 18, we had before us a question as to whether a sales tax was an excise tax or a license tax and distinguished between the two taxes as follows :
“The license tax is paid by the party granted the privilege of pursuing a business, trade, vocation, calling, occupation or profession.”
In that case we concluded that a sales tax was an excise tax rather than a license tax and in that respect we said:
“Some of the other prominent elements of difference between a ‘license’ and a ‘sales’ tax are that the former is levied on the gross annual sales of the dealer, whereas, the latter is levied on each transaction of the purchaser, user or lessee; * * *”
We also definitely found and concluded in the Mouledoux case that the term “license tax” has a well-defined legal meaning in this State, i. e., a license tax.
It is too plain for discussion that the license taxes authorized under the provisions of Art. X, Sec. 8 of the Louisiana Constitution are confined and limited to those classes of persons, associations of persons and corporations pursuing any 'trade, business, occupation, vocation or profession. When a license tax is levied on such occupations or businesses, it is a tax levied on the activity or occupation of selling or otherwise dealing in or with certain property and perforce becomes a license, excise or privilege tax on the activity or occupation and not a direct tax on the property. It must be conceded that neither our general law nor our well-known jurisprudence recognizes an “excise”, “license” or “privilege” tax on property. It therefore becomes apparent that the tax levied by the Baton Rouge City Ordinance is not upon the gasoline itself as a property but is an excise, license or privilege tax levied upon the activity or occupation of selling at retail prices or otherwise dealing with gasoline or other motor fuels, i. e., an occupational license, excise or privilege tax which unmistakably means a tax upon the privilege of pursuing the said vocation or business or calling. Such an occupational tax has none of the attributes of an ad valorem tax. The tax does not fall upon the owner merely because of ownership. It is not measured by the value of gasoline and is not laid directly upon the property itself. The value of the gasoline may fluctuate at will by the amount per gallon but the tax remains constant.
It is the contention of counsel for the City of Baton Rouge that an excise tax *542 upon gasoline and an occupational license tax upon the privilege of engaging in the service station business based upon gross sales, including gross sales from gasoline, are not the same, submitting that the City is prohibited from doing the one hut not the other. As previously observed, when an excise tax is imposed it is not a tax .levied upon property but a tax levied upon the privilege of engaging in the activity or occupation of pursuing a trade, business or vocation. If a tax is levied on gasoline itself of necessity it becomes a direct property tax and not a tax on the activity of selling or otherwise dealing in gasoline.
Patently, Sec. 24.1 of Art. XIV of the Louisiana Constitution prohibits taxation by political subdivisions of the activity or occupation of dealing in motor fuels. Its prohibition against “excise, license or privilege” taxes covers the entire field of indirect taxes which may be levied on said activity or occupation. As previously observed, these three forms of indirect taxes, though used interchangeably, refer to and mean a tax levied upon the activity, occupation or privilege of selling or otherwise dealing in gasoline or other motor fuels.
Were we to construe the provisions of Sec. 24.1 of Art. XIV to mean something other than a prohibition against the levying of an excise, license or privilege tax on the activity or occupation of selling or otherwise dealing in gasoline, kerosene or other combustibles used in the generation of motive power, it would be tantamount to charging the Legislature with heedlessness and inattentiveness in the enactment of proposed changes in our organic in their gross sales the sales of gasoline law. However, we will not presume that the Legislature intended absurd consequences and will not give this constitutional article a construction which will lead to absurdities. It is axiomatic that in the construction and interpretation of statutes all of its parts, each word, each phrase and each clause is intended to have a meaning and that none contained therein is inserted by mere inadvertence. State v. Texas Co., 205 La. 417, 17 So.2d 569.
Furthermore, to construe the Constitutional provision as contended for by the City of Baton Rouge would in effect read out of its provisions the words “excise, license or privilege” and thus do violence to the principle that all of the words of a statute should be given effect.
We conclude that Art. XIV, Sec. 24.1 clearly prohibits the imposition by political subdivisions of excise, license and privilege taxes on the occupation of selling or otherwise dealing in motor fuels; and since the occupational license, privilege or excise tax sought to he levied by the City of Baton Rouge is clearly a tax on the privilege of pursuing the activity or occupation of selling or otherwise dealing in gasoline or other motor fuels said *544 tax is in direct conflict with the prohibition contained in Art. XIV, Sec. 24.1. Thus it follows that the City may not impose an occupational license on that part of plaintiffs’ business which consists of selling or otherwise dealing in gasoline or other motor fuels, and any tax levied upon plaintiffs’ gross receipts must exclude the proceeds of sales of gasoline, kerosene or other motor fuels in computing the license, privilege or excise tax levied by the ordinance herein.
Accordingly, for the reasons assigned, the judgment of the district court is hereby reversed, annulled and set aside and it is now ordered, adjudged and decreed that there be judgment in favor of plaintiffs and against defendant decreeing that plaintiffs are entitled to occupational licenses to operate service stations in the City of Baton Rouge, without the necessity of including in their gross sales the sales of gasoline and other fuels used in the generation of motive power, in the computation of said occupational license tax. All costs herein are to be borne by the defendants.
HAMITER, J., concurs in the decree.
McCALEB, J., dissents with written reasons.
MOISE, J., absent.

. This procedure was adopted in Louisiana Wholesale Distributors Ass’n, Inc., v. Rosenzweig, 214 La. 1, 36 So.2d 403; Burton v. Lester, 227 La. 347, 79 So.2d 333, and Lacy v. Employers Mutual Liability Insurance Co. of Wisconsin, 233 La. 712, 98 So.2d 162.

. This ordinance is clearly stated as City Ordinance #588 adopted by the City Council of the City of Baton Rouge on December 12, 1956.