GLADNEY, Judge.
These two cases seeking injunctive relief involve identical factual situations • and, therefore, have been consolidated. Plaintiff is the Louisiana State Board of Cosmetology, and defendants are the owners of beauty salons in the City of Shreveport, Louisiana, and the holders of certificates of registration issued by plaintiff. Plaintiff has instituted these suits for an injunction directing defendants to cease and desist in the employment of unlicensed persons to practice cosmetic therapy for which a cosmetologist license is required by the Louisiana Cosmetology Act. The case was tried on a stipulation of facts, documentary evidence and without oral testimony. After trial an order of injunction was issued as prayed for, and from those judgments defendants have appealed.
Defendants for a number of years have employed persons designated as “shampoo maids” whose duties are limited to washing and shampooing the hair of customers in preparation for setting and other procedures by licensed cosmetologists. The “shampoo maids” are not licensed cosmetologists. The position of plaintiff is that this employment violates sections R.S. 37:500 and R.S. 37:501 of the Lousiana Cosmetology Act which provide:
R.S. 37:500
A. No person shall practice cosmetic therapy, beauty culture, hairdressing or manicuring without a certificate of registration as a registered cosmetologist or manicurist issued by the board pursuant to this Part.
B. The following persons are exempt from the provisions of this Part while in the proper discharge of their professional duties:
(1) Persons authorized by law to practice medicine or surgery.
(2) Commissioned medical or surgical officers in the Armed Forces of the United States or within the Veterans’ Administration.
(3)Barbers licensed by the State of Louisiana.
R.S. 37:501
No person shall permit any person in his employ or under his supervision or control to practice cosmetic therapy or manicuring unless the said person possesses the appropriate certificate of registration as a registered cosmetologist or manicurist.
Defendants urge that plaintiff cannot on its own initiative require a certificate of registration for beauty shop owners; that the term “cosmetic therapy” is indefinite, ambiguous and unable to support the imposition of penal sanctions by plaintiff; that the Act fails to establish adequate standards and guideposts for the issuance of certificates of registration to beauty shop owners, and without such standards it is an unconstitutional delegation of legislative police power to an administrative agency; and, that the administrative procedure used by plaintiff fell short of the Louisiana requirements related to due process of law.
The primary issue presented herein is whether the duties performed by the “shampoo maids” constitute practice of cosmetic therapy. It logically follows that if their duties do not fall within the practice of cosmetic therapy, then such employment by defendants would not be in violation of sections R.S. 37:500 and R.S. 37:-501.
The duties of the “shampoo maids” consist only of washing and shampooing the hair of patrons, and are restricted to the application of shampoo soap. It is not contended that these employees use any substance other than soap. The accepted definition of therapy is treatment, and that of cosmetic therapy is limited to treatment involving the use of cosmetics. The legal and literal definitions of “cosmetic” exclude soap as a cosmetic substance.
*820 Webster’s New International Dictionary, Second Edition. Cosmetic, n., 1. Any preparation (except soap) to be applied to the surface of the human body for beautifying or lending attractiveness to the person. * * *
Webster’s New Collegiate Dictionary Cosmetic, n., Any preparation (except soap) to be applied to the surface of the human body for lending attractiveness, for theatrical make-up, or for cleansing or conditioning the skin, hair, nails, etc.
15 U.S.C.A. § 55(e)
The term “cosmetic” means (1) articles to be rubbed, poured, sprinkled, or sprayed on, introduced into, or otherwise applied to the human body or any part thereof intended for cleansing, beautifying, promoting attractiveness, or altering the appearance, and (2) articles intended for use as a component of any such article; except that such term shall not include soap.
21 U.S.C.A. § 321 (i)
The term “cosmetic” means (1) articles intended to be rubbed, poured, sprinkled, or sprayed on, introduced into, or otherwise applied to the human body or any part thereof for cleansing, beautifying, promoting attractiveness, or altering the appearance, and (2) articles intended for use as a component of any such articles; except that such term shall not include soap.
LSA-R.S. 40:602(3)
“Cosmetic” includes all substances and preparations intended for cleansing, altering the appearance of, or promoting the attractiveness of a person. The term includes soap only when medicinal or curative qualities arc claimed by the use thereof.
The term cosmetic therapy as used in the Louisiana Cosmetology Act does not include the application of shampoo soap and functions of “shampoo maids” do not require that they be licensed cosmetologists as such duties do not constitute the practice of cosmetic therapy. Manifestly, therefore, the employment of “shampoo maids” by defendants is not in violation of the Act. The determination of this issue renders unnecessary conclusions upon other assignments of error urged by appellants.
The judgment from which appealed in each of the consolidated cases is annulled and reversed and plaintiff’s suit is dismissed at appellee’s cost.
Judgments reversed.