249 So.2d 196

Lawrence A. CHEHARDY et al.

v.

DEMOCRATIC EXECUTIVE COMMITTEE
FOR the PARISH OF JEFFERSON.

No. 51164.

June 7, 1971.

Jack P. F. Gremillion, Atty. Gen., John L. Avant, Special Asst. Atty. Gen., Arthur L. Ballin, New Orleans, for defendant-appellant.

Fritz H. Windhorst, Byron M. Unkauf, New Orleans, Patrick E. Carr, Metairie, Windhorst, Heisler, DeLaup & Wysocki, New Orleans, for plaintiffs-appellees.

BARHAM, Justice.

This is an appeal under Louisiana Constitution Article VII, Section 10(2), from a judgment of the Twenty-fourth Judicial District Court decreeing Act No. 155 of 1970 unconstitutional insofar as it purports to create three tax assessors for the Parish of Jefferson.

Act No. 155 of 1970 sought to amend and reenact Title 47, Sections 1901, 1907, and 1908, of the Revised Statutes of 1950, so as to provide in Section 1 that parishes divided by the Mississippi River and having a population of more than 200,000 shall have three tax assessors, the Parish of Orleans excepted. The plaintiffs-appellees, registered voters and residents of the Parish of Jefferson, sought a declaratory judg-

ment alleging Act No. 155 of 1970, and particularly Section 1, to be unconstitutional. The matter was heard in the lower court on a stipulation of facts. It was stipulated that Jefferson Parish is divided by the Mississippi River and has a population of more than 200,000, and that if Act No. 155 is constitutional, it will apply to that parish. It would create in that parish for one side of the river one assessor and for the other side of the river two additional assessors, or a total of three. The Parish of Jefferson now has one tax assessor, as does each of the parishes in Louisiana except Orleans. The tax assessors throughout this state are provided for in Article XIV, Section 9, of the Louisiana Constitution, which reads:

"There shall be *a tax assessor* elected by the qualified electors of each parish in the State, *the parish of Orleans excepted.*[1] His term of office shall be four (4) years and the Legislature shall define his duties, fix his compensation, and provide for his election." (Emphasis here and elsewhere has been supplied.)

In determining the constitutionality of Act No. 155 of 1970 we must ascertain whether the Constitution, expressly or impliedly, prohibits the Legislature from altering the number of tax assessors in the parishes of the State of Louisiana. More narrowly stated, a determination is required of whether the term "a tax assessor" as read in the context of the entire Constitution means only one tax assessor and prohibits the Legislature from increasing the number of tax assessors in the various parishes throughout the state, it being a matter of judicial cognizance that from time immemorial there has been only one tax assessor in each of the parishes. Constitutional interpretation is not to be approached in a word-by-word, sentence-by-sentence, even article-by-article examination, but is to be made from a reading of the provisions in the context that each is a part of the Constitution as a whole body of law, with full meaning given to the express language throughout the Constitution. The words and terms expressed in the Constitution are to be interpreted by the courts with an understanding of the definitions which would have been given to those words or terms by the people when they adopted the Constitution or the constitutional amendments. Constitutional in-

---

1. The exception referred to in Article XIV, Section 9, the Parish of Orleans, is provided in Article XIV, Section 20, which reads: "There shall be seven assessors in the City of New Orleans, who together shall compose the Board of Assessors for the Parish of Orleans. One shall be elected from each municipal district of the City of New Orleans, and they shall be residents of the districts from which they are elected. Their terms shall be four years and they shall be elected at the same time as the municipal officers of the City of New Orleans." The Parish of Orleans is excepted from our discussion hereafter when reference is made to tax assessors in general.

terpretation is not to be equated with statutory interpretation, and the appellants' reliance upon the Code of Civil Procedure for the interpretation of legislation as controlling of the court's interpretation of the Constitution is inappropriate.

A reading of Article XIV, Section 9, leaves a first impression that there will be "a", meaning "one", tax assessor in each parish of the State of Louisiana. A reading of the Constitution in its totality is more persuasive of this first impression. "A" is used throughout the Constitution in referring to state and parish officials as meaning "one"—for example, a Governor, a Secretary of State, a Treasurer, an Attorney General, a coroner, a district attorney. The only time "one" is used in referring to state or parish officers in the Constitution is in special situations, such as the provisions for the Parish of Orleans and provisions creating the Family Court of East Baton Rouge Parish. We have not been pointed to one instance in the Constitution of the use of the word "a" to denote an officer of the state or the parish when "a" does not mean "one". Neither have we been cited to any occasion when "one" is used rather than "a" to denote a single officer except in the two examples above noted.

Appellants argue that the sections of the Constitution creating sheriff, clerk, coroner, and other such officers are self-executory inasmuch as they provide for the election and define the duties of the officers, whereas Article XIV, Section 9, creating an assessor for each parish permits the Legislature to "define his duties, fix his compensation, and provide for his election". We find no merit in their contention that this requires a different interpretation of "a tax assessor". We are persuaded that the use of the term "a tax assessor" expressly forbids the Legislature to create more than one tax assessor for a parish, and we do not believe that the permission granted to the Legislature to define duties, fix compensation, and provide for election in any way permits the Legislature to contravene the prohibition against more than one tax assessor per parish. We expressly reject the idea that the creation of three offices of tax assessor within a parish is a defining of the duties of *a* tax assessor.

Proceeding from our understanding of the meaning of the term "a tax assessor" as read in context with the Constitution as a whole body of law, we are further persuaded that "a tax assessor" in Article XIV, Section 9, must be given its usual and generally accepted meaning. "A" in its ordinary and usual use means "one" unless the words preceding or following are indicative of a contrary meaning. It is conceded by all that "a" may mean "at

least one" or "any".[2] However, our Legislature and our people who ratified the Constitution of 1921 which the Legislature proposed most surely understood "a" to mean "one". They never contemplated that the naming of many officers in the Constitution which are prefaced by "a" or "an" would permit bifurcation or multiplicity of these offices.

Finally, reading Article XIV, Section 9, in pari materia with Article XIV, Section 20, we must conclude that "a" in the former provision means "one". Section 20 states: "There shall be *seven* assessors in the City of New Orleans, who *together* shall compose *the Board of Assessors* for the Parish of Orleans. * * *" It is obvious from a consideration of these two sections that the drafters, adopters, and ratifiers of our Constitution intended that there be a single tax-assessing authority in each and every parish. The Constitution accomplishes this purpose in the parishes outside Orleans by permitting only *one tax assessor* in each parish. It accomplishes that purpose in Orleans by permitting only *one board* of seven assessors, which preserves the singular authority.

We conclude after a thorough examination and study under several possible approaches that our first impression was indeed correct. Under Article XIV, Section 9, "a tax assessor" means one, and only one, tax assessor. Act No. 155 of 1970 insofar as it purports to create three assessors for Jefferson Parish is unconstitutional.

The judgment of the trial court is affirmed.

SUMMERS, Justice (concurring).

Principles which govern interpretation of statutes generally apply to interpretation of constitutions, and the language of the opinion, "Constitutional interpretation is not to be equated with statutory interpretation * * *." is too broad. State, Dept. of Hwys. v. Bradford, 242 La. 1095, 141 So.2d 378 (1962); Roberts v. City of Baton Rouge, 236 La. 521, 108 So.2d 111 (1959); State ex rel. Kemp v. City of Baton Rouge, 215 La. 315, 40 So.2d 477 (1949); Nicholson v. Thompson, 5 Rob. 367 (La.1843); State ex rel. Noe v. Knop, 190 So. 135 (La.App.1939); State ex rel. Jury Com'rs v. City of New Orleans, 2 McGloin 46 (La.App.1884).

I respectfully concur.

2. Examples of "a" meaning "at least one": "Come by and have *a* drink." "Every boy should have *a dog*." Examples of "a" meaning "any": "*A* man is known by the company he keeps." "*A* fool and his money are soon parted."