Dear Representative Downer:
This office is in receipt of your request for an opinion of the Attorney General concerning R.S. 11:537(D) and (E) in regard to purchase of previous creditable service toward retirement. The retirement system takes the position that "all or none" of the previous creditable service must be purchased because it makes it easier to calculate. You state as follows:
 It should be the members' option as to the amount of the "creditable service" they desire to purchase. The position of the retirement system makes it financially impossible for some individuals to repurchase "all" of their "creditable service" because of the cost. Allowing them to purchase a portion thereof, regardless of some additional administrative work, would be in the best interest of the members and public policy of the State.
You seek an opinion concerning the appropriate interpretation of R.S. 11:537(D) and (E), "Refund of contributions; application, payment, effect, repayment to system; restoration of service", which provides as follows:
 A. Any member who withdraws from service under the provisions hereof may apply for and obtain a refund of the amount of his accumulated contributions credited to him in the employees' savings account. * * *
* * * * * * * * * * * * * * * * * * * * * * *
 D. A member may repay a refund to the system upon returning to state service prior to age sixty and contributing to the system for eighteen months, whether full-time or part-time, provided such repayment is made prior to retirement. Repayment of a refund shall include the amount refunded plus interest thereon charged at the board-approved actuarial valuation rate compounded annually from the date of refund to the date of repayment. All repayments of refund shall be made in lump sum only.
 E. All creditable service forfeited upon refund shall be restored upon repayment of the refund plus interest. No service credit forfeited by reason of a refund to a member shall be restored upon repayment of a refund if the member receives the same service under a special provision of another law or if another law sets a limit on service credit that will be violated by the restoration.
We feel the statute in providing for a "repayment of a refund" is referring to repayment of the entire amount previously received, and not a partial repayment. This appears supported by that portion of paragraph "E" that provides, "All creditable service forfeited upon refund shall be restored upon repayment of the refund plus interest."
However, even accepting your position that it is not clear in the statute that a person has to purchase all of their previous creditable service, we must follow the procedure that the retirement system has been using under the doctrine of contemporaneous construction. This doctrine, which applies where a statute is subject to two interpretations, is that a long-standing interpretation placed upon a statute by administrative officials will be acceptable unless clearly wrong or unless a different construction is plainly required. Roberts v. City of Baton Rouge, 236 La. 521, 108 So.2d 111 (1958); Swetman v. Teachers' Retirement System, 578 So.2d 149 (La.App 1991).
We cannot say that the position of the retirement system is clearly wrong or that a different construction should now be applied.
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR