Dear Representative Travis:
This office is in receipt of your request for an opinion of the Attorney General in regard to the Cosmetology Board. You indicate the Louisiana Film Commission, the International Alliance of Theater and State Employees, and the Wardrobe and Styling Union state there is no requirement for a license in cosmetology for a person to apply makeup or to work as a hairdresser. You ask the authority of the Cosmetology Board to issue citations, summons and to assess fines against persons whose duties are beauty pageant consultants who mainly assist in shopping, selecting clothing, conducting interviews and advice or an critique of talent, and only incidentally comb hair and assist in the application of makeup.
You recognize that R.S. 37:500 provides that "no person shall practice cosmetic therapy, beauty culture, hairdressing, esthetics, or manicuring without a certificate of registration as a registered cosmetologist, esthetics, or manicurist issued by the board pursuant to this Part." R.S. 37:492 sets forth the definition of "cosmetologist", "cosmetician", "beautician", "hairdresser" or "operator" as meaning:
 (A)ny person who, with hands or with mechanical or electrical apparatus or appliances or by use of cosmetic preparations, antiseptics, soaps, detergents, tonics, lotions or creams engages, for compensation, direct or indirect, including tips, in any one or any combination of the following practices: namely, massaging, cleansing, washing, stimulating, manipulating, exercising, beautifying or doing similar work upon the scalp or the face, neck, arms, bust or upper body of any person. This definition shall include the practice of arranging, hair dressing, singeing or shaping, curling, waving, cleansing, shampooing, styling, bleaching, coloring or similar work upon the hair of another. (Emphasis added.)
It is obvious that the Cosmetology Board has no jurisdiction over persons whose duties as beauty pageant consultants consist in assistance of shopping and selecting clothing, conducting interviews and advice on and critique of talent. The problem is if those persons must be licensed for the further services offered of combing hair and assisting in the application of makeup.
We recognize that the court ruled in La. State Board of Cosmetology v. Knott, 185 So.2d 818 (La.App. 1966), that the cosmetology act does not require that "shampoo maids" be licensed cosmetologists as such duty does not constitute the practice of cosmetic therapy, having found the definition of cosmetics excludes soap as a cosmetic substance. However, you take the position that this ruling infers that the mere combing of hair and assistance in the application of makeup does not fall within the definitions of hairdressing or cosmetic therapy.
We cannot find this inference can be made inasmuch as the court found the statute was not applicable to shampoo girls since the statute specifically provides cosmetics do not include use of soap. However, the statute does state cosmetologist means any person who by use of cosmetic preparations engages in directly for compensation in beautifying the face and including the arranging, hair dressing or styling work upon the hair of another person.
We have found no jurisprudence resolving this question, although we do note the Attorney General of New York rendered an opinion concluding the make-up artist in theaters, T.V. and movies were not subject to a license because the legislation provided in the licensing statute its purpose was to regulate "beauty parlors" in order to protect people who "patronize" them. Atty. Gen. Op. No. 80-70. This restriction is not set forth in the Louisiana statute.
This office has maintained where a statute is subject to two interpretations, the doctrine of contemporaneous construction is applicable, so that the interpretation placed upon a statute by administrative officials will be accepted unless clearly wrong or unless a different construction is plainly required. Roberts v. City of Baton Rouge, 236 La. 521, 108 So.2d 111 (1958). Therefore, the construction of the statute by the agency or body charged with its administration is entitled to great weight and will not be overturned unless clearly erroneous.
Because of the broad language of the statute requiring a license we would be inclined to conclude the assistants to beauty contestants who are compensated, even indirectly, and who actually style hair and apply makeup should be licensed unless that statute is amended to clearly exempt such licensing, but suggest the determination should be followed that is the policy of the administrative agency.
We have been unable to determine from the Cosmetology Board their interpretation of the necessity for a license under the described situation although the attorney for the House Commerce Committee indicates he was told the Board of Cosmetology had the matter under consideration. To prevent further delay in responding to this request, and under the doctrine of contemporaneous construction, we would suggest you contact the Board.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR