JjCHARLES R. JONES, Judge.
The appellant, Ocean Energy, Inc. (hereinafter “OEI”), seeks devolutive appeal of the judgment of the district court denying its motion for summary judgment and granting a cross-motion for summary judgment in favor of the appellee, Plaque-mines Parish Government (hereinafter “PPG”). This appeal arises out of an action by OEI for a refund of sales and use tax paid to PPG for the use of dyed diesel fuel. We affirm.
Procedural History
OEI initiated a claim against PPG for the refund of sales and use tax paid under protest. OEI subsequently filed a motion for summary judgment on the grounds that PPG was prohibited from levying a tax for diesel fuel against it under Article VII, § 4(C) of the Louisiana Constitution. In response to the motion for summary judgment filed by OEI, PPG filed a cross-motion for summary judgment alleging that it was not legally prohibited from collecting a tax on diesel fuel for the period at issue.
The district court denied OEI’s motion for summary judgment and granted the cross-motion for summary judgment filed by PPG. The district court stated that the tax imposed by PPG was not a tax on motor fuel for purposes of Article VII, |2§ 4(C) and, thus, not prohibited. OEI’s devolutive appeal of the judgment denying its motion for summary judgment and granting PPG’s cross-motion for summary judgment is the subject of the matter now before this Court.
Facts
PPG is a political subdivision of the State of Louisiana and the governing authority of Plaquemines Parish, Louisiana. As the collector of sales and use tax through its local Sales Tax Division, PPG conducted an audit of OEI for the taxable period of July 1, 1995 through June 30, 1998. The audit revealed that OEI was delinquent in the payment of sales and use tax for the consumption of dyed diesel fuel[1]. The diesel fuel in question was primarily used by OEI to operate the combustion engines of marine vessels that were employed by the company in the transport of supplies and personnel to its offshore facilities.
Pursuant to a letter dated May 24, 2000, OEI was aggregately assessed unpaid sales and use tax, penalties, and interest by PPG, for the period of July 1, 1995 through June 30, 1998 in the amount of $268,275.51. On June 8, 2000, OEI remitted payment of the assessment under protest. OEI further informed PPG of its *620 intent to seek recovery of the tax, penalties, and interest paid, along with interest accrued from the date of payment as provided by law.
Discussion
In accordance with Article 966(B) of the Louisiana Code of Civil Procedure, summary judgment is properly granted when there is no genuine issue of material fact. On appeal, courts must conduct a de novo review to determine whether the trial court committed error in granting summary judgment and “cannot consider the 13merits, make credibility determinations, evaluate testimony or weigh evidence” in determining whether an issue is genuine. See Berthelot v. Avondale Industries, Inc., 02-1779, p. 3 (La.App. 4 Cir. 2/26/03), 841 So.2d 91, 93.
OEI contends that the district court erred in finding that the sales and use tax imposed by PPG was not constitutionally prohibited. In its first assignment of error, OEI argues that the purchase or use of diesel fuel for the operation of its vessels is a tax on motor fuel within the meaning of Article VII, 4(C) of the 1974 Louisiana Constitution. According to this provision, “[a] political subdivision of the state shall not levy a severance tax, income tax, or tax on motor fuel.” La. Const, art. VII, § 4(C). Since there are no reported cases analyzing the constitutional prohibition on the taxation of motor fuel by political subdivisions, OEI points to several Louisiana Attorney General Opinions interpreting this provision during the period of 1976 through 1997. See La. Atty. Gen. Op. Nos. 76-1351 (10/11/76), 80-54 (1/17/80), 80-1199 (9/19/80), 80-1249 (9/24/80), 80-1296 (3/16/81), 81-509 (8/20/81), 82-397 (4/30/82), 84-195 (3/13/84), 86-382 (6/12/86), 86-578 (9/23/86), 92-749 (2/8/93), and 96-529 (1/29/97). Notwithstanding these opinions, the discussion therein of Article VII, 4(C), and its application to a sales and use tax on diesel fuel, this Court declines to follow the analysis set forth in the opinions of the Attorney General for reasons more fully articulated below.
Pursuant to La. R.S. 47:711, a tax is to be levied on all motor fuels sold, used, or consumed in the state of Louisiana for domestic consumption. However, the imposition of this tax by a political subdivision is prohibited in accordance with |4the state constitution. See La. Const, art. VII, 4(C). While OEI contends that the definition of “motor fuel” contained in La. R.S. 47:712[2] is limited to Part I of Chapter VII of Subtitle II of Title 47 of the Louisiana Revised Statutes, we find that this argument lacks merit.
In the City of New Orleans v. Scramuzza, 507 So.2d 215 (La.1987), the Louisiana Supreme Court examined whether an earnings tax imposed by the City of New Orleans was an impermissible local “income tax” within the meaning of Article VII, 4(C) of the state constitution. Although proponents and opponents of the tax relied on the legislative history to support their arguments, the Supreme Court stated that “[wjhere ... constitutional intent is evident and explicit language used, the court may not consider the history of a constitutional prohibition to arrive at a determination or construction which is in-consistant[sic] with the obvious purpose and meaning of the constitutional provision.” Id. at 218 (citing Barnett v. Develle, 289 So.2d 129 (La.1974)). In analyzing whether the tax imposed by the local ordinance violated the constitution in Scra- *621 muzza, the Supreme Court determined whether the constitution itself provided definitional guidance, or if the relevant statutory material offered clarification of the term “income tax.” See id. at 219.
In the present case, there is no ambiguity as to the meaning of the term “motor fuel” employed by Article VII, 4(C). While the 1974 Constitution fails to provide definitional guidance as to the meaning of the term, a clear definition of motor fuel is supplemented by La. R.S. 47:712. Admittedly, in OEI’s own brief, it is stated that the diesel fuel in question has a flash point above 110 degrees F. |sThus, the diesel fuel used by OEI falls outside of the statutory definition of motor fuel.
OEI further argues that the legislative history behind Article VII, 4(C) points to an interpretation of the term motor fuel, which includes diesel fuel. This Court disagrees. Prior to the enactment of Article VII, 4(C) of the 1974 Constitution, Article XIV, Section 24.1 of the 1921 Constitution stated that “[n]o parish, municipality or other political subdivision, shall levy an excise, license or privilege tax upon gasoline, kerosene or other combustibles used in the generation of motive power ...” It is axiomatic that Article VII, 4(C) of the 1974 Constitution alters the language of the 1921 provision. However, the 1974 drafting committee indicated that this language was not intended to change the existing law under Article XIV, 21.4. The committee stated that, “the prohibition against political subdivisions taxing natural resources severed from soil or water and motor fuel represents no change in the present law.” Volume I, Official Journal of the Proceedings of the Constitutional Convention of 1973 of the State of Louisiana, (11th days proceedings), at 127 (July 6,1973).
The intent of the legislature to maintain the effects of the 1921 Constitution is further evidenced by the fact that the term motor fuel has held virtually the same meaning since the 1920’s. See 1928 La. Acts 6. In 1928, motor fuel was first defined as “all volatile gas-generating liquids having a flash point below 110 degrees F, commonly used to propel motor vehicles or motors.” Id. The language used to define motor fuel in 1928 was substantively reenacted in future acts and is consistent with the definition found in La. R.S. 47:712.[2] Given that the fuel used by ROEI has a flash point above 110 degrees F, this Court finds that the statutory definition of motor fuel is inapplicable to diesel fuel. To find otherwise would allow an interpretation of Article VII, 4(C) that is inconsistent with the intended purpose of the constitutional provision.'
In its second assignment of error, OEI asserts that the district court erred in finding that Article VII, 4(C) does not prohibit local governments from imposing and collecting a tax on diesel fuel. Specifically, OEI argues that the constitutional prohibition is against the imposition of an indirect tax such as a sales and use tax, and not a direct tax, as argued by PPG. While this Court agrees with the assertion that a sales and use tax is an indirect tax, it fails to support the contention that PPG is prohibited from subjecting OEIs purchase and use of diesel fuel to its local sales and use tax.
In Roberts v. City of Baton Rouge, 236 La. 521, 108 So.2d 111 (1958), the Supreme Court analyzed the constitutionality of a local ordinances tax on occupational licenses measured by the sale of gasoline under *622 Article XIV, 21.4 of the 1921 Constitution. The Supreme Court stated on rehearing that, “the ‘excise, license or privilege tax upon gasoline’ [sic] prohibited to local governments by the Constitutional enactment before us were intended to include taxes directly upon the sale or consumption of gasoline.” Roberts, 108 So.2d at 124. It further stated that the terms “excise, privilege, and license tax” may be used synonymously to the extent that they are all indirect taxes upon some activity or occupation. Id. at 121, 124.
In accordance with Roberts, a sales and use tax on motor fuel is an indirect tax that would be prohibited under the constitution. Although OEI points to a footnote in Roberts stating that, “kerosene or other combustibles used in the |7generation of motive power” should be included in instances where taxes on gasoline are referenced, the Supreme Court specified that the legislation was solely concerned with “an excise tax on gasoline and other motor fuels.” Id. at 121 n. 1, 124. This Court finds no indication that a reference to a “tax on gasoline” was intended to extend to diesel fuel.
Additionally, OEI argues that Article VII, 4(C) is not an exemption, but rather a prohibition on the power of local governments to impose a tax. Pursuant to state law, local governments possess only those powers that are specifically conferred by the state constitution or the legislature. Caddo-Shreveport Sales and Use Tax Comm’n v. Office of Motor Vehicles Through Dept. of Public Safety and Corrections of State, 97-2233 p. 5 (La.4/14/98), 710 So.2d 776, 779. Accordingly, an exemption from taxation must be clearly and expressly granted and should be strictly construed against the taxpayer. In re Succession of Smith, 589 So.2d 16, 18 (La. App. 1 Cir. 10/18/91), unit denied, 594 So.2d 891 (La.1992).
Although PPG claims that Article VII, 4(C) should be construed under the statutory rules governing exemptions, OEI further argues that it must first be determined whether the power to levy a tax on diesel fuel exists. Under Article VII, 1(A) of the Louisiana Constitution, the power of taxation remains with the legislature unless otherwise provided in the constitution. While Article VII, 4(C) sets forth what local governments are prohibited from taxing, PPG may not otherwise infer the right to impose a tax on diesel fuel. However, the right of PPG to levy a tax on diesel fuel exists under Article VI, 29. This provision provides:
[T]he governing authority of any local governmental subdivision may levy and collect a tax upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and on sales of services as defined |fiby law, if approved by a majority of the electors voting thereon in an election held for that purpose.
On November 16, 1977, PPG adopted Ordinance No. 174. Under Section 2.01 of this ordinance, a tax is imposed upon the “sale at retail, the use, the lease or rental, the consumption and the storage for use or consumption of tangible personal property within this Parish.” The ordinance further defines “tangible personal property” as “property which may be seen, weighed, measured, felt or touched or is in any other manner perceptible to the senses.” Ordinance 174, section 1.21. Arguably, the diesel fuel purchased by OEI falls within the category of tangible personal property and is not otherwise restricted by Article VII, 4(C).
The right of PPG to levy a tax pursuant to Article VI, 29 is also consistent with other constitutional provisions where die *623 sel fuel is expressly mentioned. Article VII, 27(A) exempts the purchase of gasoline, diesel fuel, or special fuels, which are subject to excise tax under Chapter 7 of Subtitle II of Title 47 of the Louisiana Revised Statutes, from state sales tax and any tax by a political subdivision. Since the diesel fuel used by OEI is not a motor fuel, or a special fuel used in the operation of motor vehicles, it would not be taxed under Chapter 7, and thus, would not be exempted from tax by a political subdivision. See La. R.S. 47:712; 47:801. Alternatively, if PPG were already prohibited from taxing diesel fuel under Article VII, 4(C), the exemption set forth by Article VII, 27(A) would be unnecessary. Therefore, the right of PPG to levy a sales and use tax on diesel fuel exists pursuant to Article VI, 29 and local Ordinance No. 174.
In its third assignment of error, OEI argues that the district court erred in not granting its motion for summary judgment. However, for the aforementioned reasons, we find that PPG is not prohibited from levying a tax on diesel fuel under | sArticle VII, 4(C). Thus, the district court did not err in denying OEIs motion for summary judgment.
DECREE
We affirm the judgment of the district court denying Ocean Energy, Inc.’s motion for summary judgment and granting Plaquemines Parish Governments cross-motion for summary judgment for the reasons herein stated.

AFFIRMED.

. U.S.C. 4803 defines taxable diesel fuel (for the purpose of federal excise taxation) to mean, "any liquid (other than gasoline) which is suitable for use as a fuel in a diesel powered highway vehicle or a diesel powered train.”

. La. R.S. 47:712 defines motor fuel as "all volatile gas generating liquids having a flash point below 110 degrees F.”

. It should be noted that the definition of motor fuel was revised slightly by Act 16 of the Extra Session of 1932. This revised language is reflected in the current definition provided by La. R.S. 47:712.