PARRO, J.
11 Madeline Jasmine appeals a judgment disqualifying her as a candidate for the office of judge, Court of Appeal, Fifth Cir- *1159 euit, Second District, Division A. For the reasons expressed, we affirm.
FACTS AND PROCEDURAL BACKGROUND
On July 8, 2010, Madeline Jasmine[1] filed a sworn Notice of Candidacy with the Louisiana Secretary of State, purportedly qualifying as a candidate for the primary election scheduled for October 2, 2010, for the office of judge of the Court of Appeal, Fifth Circuit, Second District, Division A. On July 12, 2010, plaintiffs Georgette N. Matassa and Phyllis Z. Rodrigue filed a petition, under LSA-R.S. 18:492(A)(3) and 18:1401(A), objecting to Judge Jasmine’s candidacy on the grounds that she does not meet the qualifications for the office she seeks in the primary election. Specifically, plaintiffs allege that the Fifth Circuit is divided into three districts and argue that a candidate for judge of the second district of the Fifth Circuit must be domiciled in the second district. It is uncontested that Judge Jasmine is domiciled in the third district.
The district court conducted a hearing on July 15, 2010. On July 16, the district court issued written reasons for judgment and signed a judgment sustaining plaintiffs’ objection to Judge Jasmine’s candidacy and disqualifying her as a candidate. This appeal ensued.[2]
DISCUSSION
This appeal presents the purely legal issue of whether an otherwise qualified domiciliary of the third district of the Fifth Circuit may run for the position of judge from the second district.
Article V, § 9 of the Louisiana Constitution provides:
Courts of Appeal; Circuits and Districts Each circuit shall be divided into at least three districts, and at least one judge shall be elected from each. The circuits and districts and the number of judges as elected in each circuit on the effective date of this constitution are retained, subject to change by law enacted by two-thirds of the elected members of each house of the legislature.
In accordance with this constitutional mandate, Louisiana Revised Statute 13:312(5)(b) divides the Fifth Circuit into three districts: the first district is comprised of Jefferson Parish; the second district is composed of St. James Parish and that portion of St. John the Baptist Parish east of the Mississippi |2River; and the third district is composed of St. Charles Parish and that portion of St. John the Baptist Parish west of the Mississippi River.
Also in accordance with Article V, § 9, LSA-R.S. 13:312.1(E)(3) provides that “[o]ne judge shall be elected from the second district of the fifth circuit.”[3]
*1160 Relative to the qualifications for judges, Article V, § 24 of the Louisiana Constitution provides, in pertinent part:
Judges; qualifications
A. A judge of the supreme court, a court of appeal, district court, family court, parish court, or court having solely juvenile jurisdiction shall have been domiciled in the respective district, circuit, or parish for one year preceding election and shall have been admitted to the practice of law in the state for at least the number of years specified as follows:
(1) For the supreme court or a court of appeals — ten years.
Judge Jasmine essentially reads Article V, § 24 as requiring that a “judge of ... a court of appeal ... shall have been domiciled in the respective ... circuit ... for one year preceding election!.]” Her argument suggests that the term “circuit” applies to court of appeal judges, while the terms “district” and “parish” refer to judges for the other courts covered by the Article. She concludes that Article V, § 24 requires only that she be domiciled in the circuit for at least one year and that there is no requirement that she be domiciled in the specific “legislatively created” district provided by statute.
Judge Jasmine’s interpretation of Article V, § 24 would be somewhat persuasive if that Article is read in isolation. However,
[cjonstitutional interpretation is not to be approached in a word-byword, sentence-by-sentence, even article-by-article examination, but is to be made from a reading of the provisions in the context that each is a part of the Constitution as a whole body of law, with full meaning given to the express language throughout the Constitution.
Chehardy v. Democratic Executive Committee for Jefferson Parish, 259 La. 45, 48, 249 So.2d 196, 198 (1971).
We find that Article V, § 9, relative to the structure of the courts of appeal, read together with Article V, § 24, relative to the qualifications for judges for the courts of appeal, demonstrate that the circuits shall be divided into “districts,” that at least one judge shall be elected from each respective district, and that a candidate for a constitutionally created “district” of a circuit must be domiciled in that district. Under LSA-R.S. 13:312.1(E), the second district of the Fifth Circuit is allotted only one judge; accordingly, that judge must be “from” the second district.
Article V, § 9 does not preclude the possibility of a candidate running at large from an entire circuit, provided at least one judge is elected from each |sdistrict. See Lee Hargrave, The Judiciary Article of the Louisiana Constitution of 197⅛, 37 La. L.Rev. 765, 773-74 (1977). As a matter of fact, LSA-R.S. 13:312.1(D) provides that two of the twelve judges of the Court of Appeal for the Fourth Circuit “shall be elected from the circuit at large by the qualified electors thereof.” Therefore, in order to qualify for such office, a candidate for either of these two at-large judgeships must comply with LSA-Const. art. V, § 24, and “shall have been domiciled in the respective ... circuit ... for one year preceding election.” The other ten judges “shall have been domiciled in the respective district” to meet the qualifications for these offices.
The district court acknowledged that the legislature cannot impose additional qualifications for judges by statute. Knobloch v. Democratic Committee, 73 So.2d 433 (La.App. 1st Cir.1954), cited in Cook v. Campbell, 360 So.2d 1193 (La.App. 2nd Cir.), writ denied, 362 So.2d 573 (La.1978). Further, the district court noted that the *1161 legislature is presumed to act with deliberation and knowledge of existing law regarding the same subject. See Detillier v. Kenner Regional Medical Center, 03-3259 (La.7/6/04), 877 So.2d 100. The district court observed that LSA-R.S. 13:312 establishes “districts” for the fifth circuit, that LSA-R.S. 13:312.1(E) provides that one judge shall be elected “from” the second district, and concluded that the terms “from” and “district” necessarily relate back to the term “district” in Article V, § 24. The court opined that the use of the term “district” is deliberate and is directly related to the respective domicile requirements of Article V, § 24.
We find that, rather than superimposing an additional qualification for judgeship, the district court’s conclusion gives effect to the constitutional provisions at issue. See LSA-Const. art. V, § 9 and § 24.
We are mindful that the laws governing the conduct of elections should be liberally interpreted so as to promote, rather than defeat, candidacy. Dixon v. Hughes, 587 So.2d 679 (La.1991). We are nevertheless constrained to find that a candidate for the office of judge of the Fifth Circuit, Second District must be domiciled in the second district. Accordingly, the district court’s judgment disqualifying Judge Jasmine is affirmed.
AFFIRMED.
GUIDRY, J., dissents and assigns reasons.
KUHN, J., dissents in part and assigns reasons.
McCLENDON, J., agrees in part and dissents in part and assigns reasons.

. Ms. Jasmine currently serves as a district judge for the Fortieth Judicial District Court, Parish of St. John the Baptist.

. On July 14, 2010, Patrick C. Sellars and Francis W. Guidry, Jr. filed a motion to intervene in the instant suit and a motion to continue the hearing. Therein, they referenced their action in federal court challenging the manner in which appellate court seats are apportioned. The district court denied the motions on July 15, 2010, and movers sought an appeal of that judgment. We find no abuse of the district court's discretion in denying the motion to continue and no error in the denial of the motion to intervene. Accordingly, the ruling denying the motion to continue and to intervene is affirmed. Thus, Mr. Sellars and Mr. Guidry are not considered parties to this litigation.

.LSA-R.S. 13:312.1(E)(1) and (2) provide, respectively, that the Court of Appeal for the Fifth Circuit shall be composed of eight judges, six of whom are elected from the first district. LSA-R.S. 13:312.1(E)(4) provides that one judge shall be elected from the third district.